THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ELÍAS DONATIO MALDONADO, Defendant and Appellant.

No. CE-63-15.    Decided September 30, 1963.

*William Luyando Charneco* for appellant. *Rodolfo Cruz Contreras, Acting Solicitor General,* and *Nilita Vientós Gastón, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE RIGAU delivered the opinion of the Court.

This case arises from an automobile accident and actually raises only questions of fact. On December 15, 1961, the

President of the United States, John F. Kennedy, was visiting Puerto Rico. He and his party were to ride along Baldorioty Avenue on their way from the International Airport to La Fortaleza, the official residence of the Governor of Puerto Rico. The accident occurred at the intersection of Baldorioty Avenue and Las Flores Street in Santurce. At that place Las Flores Street runs approximately from north to south and Baldorioty Avenue from east to west. As a matter of fact, Las Flores Street intersects at that place four parallel streets or thoroughfares running from east to west, because Baldorioty Avenue consists of two parallel roadways separated by an island, and also on either side of the avenue there is a marginal street which runs parallel with it. There is no stenographic record on the manner in which the accident occurred, but the notes made by the district judge, comprising the testimonies of the witnesses, are very precise and clear and seem very complete.

Taking into consideration the detailed notes of the testimonies of the seven witnesses, it appears that the facts were as follows. Rosario Prado de Sánchez, driver of one of the two vehicles involved in the accident, was traveling along Las Flores Street from south to north and reached the intersection on Baldorioty Avenue. There is a traffic-control signal at that place and Rosario was facing the red light. Police Lieutenant Alfredo Ortiz Aponte, who was part of the force on duty at the place that afternoon, allowed her to pass (he says), or ordered her to proceed (she says), and Rosario proceeded on her way. She crossed the marginal street that runs parallel with the avenue on the southern side of the latter, crossed one half of the avenue along which the traffic from San Juan to the International Airport moves and proceeded on her way to cross the other half of the avenue (along which the traffic from the Airport to San Juan moves). The collision occurred when she entered the third roadway. A vehicle traveling along Baldorioty Ave-

nue from the Airport to San Juan (that is, from east to west), operated by appellant, and the vehicle operated by Rosario collided. Although there are conflicting testimonies, we may accept that the vehicle operated by appellant hit Rosario's vehicle on the right-hand side and on the front.

Defendant-appellant explains that when he was traveling along Baldorioty Avenue and reached the intersection, the green light was facing him and that the police did not order him to stop, so he proceeded as is usual and proper. The lieutenant explained that the police had taken charge of the traffic at that place, that they had stopped the traffic on Baldorioty Avenue in order to make way for the vehicles traveling on Las Flores Street, and that there was a police sergeant at the scene of the accident in charge of the traffic on the avenue from the Airport to San Juan. No sergeant testified at the trial, nor did any policeman testify that he was in charge of the traffic at that place at that moment. Not a single witness testified having seen the police stopping the traffic along the avenue from the Airport to San Juan. Appellant and the driver of the vehicle coming behind appellant testified that the green light was facing them. The testimonies of the other witnesses complete other details, but add nothing to the essential question.

It is correct, as alleged by the Solicitor General, that "Every driver shall, at the behest of a peace officer, stop immediately," and that "Notwithstanding . . . the indications of traffic lights and signals, any peace officer may act otherwise or may suspend or deflect traffic upon any highway if, in his judgment, the then attendant circumstances so justify, and every motor vehicle driver . . . shall be under the obligation to abide by such order or signal." The foregoing citation is taken from the text of the Vehicle and Traffic Law, 9 L.P.R.A. § 1151.

We are also conscious that due to the high incident of casualties occurring as a result of automobile accidents, our

society cannot be lenient with any person who operates motor vehicles "carelessly, showing himself unmindful of the public rights and safety." 9 L.P.R.A. § 871.

However, what appears from the facts in this case is that while the police lieutenant ordered Rosario to cross the avenue from south to north with the red light facing her, no one stopped appellant who was traveling along the avenue with the green light facing him. Under the circumstances, appellant's conviction cannot be upheld.

We conclude that error No. 4, in the sense that the evidence offered does not warrant such conviction, was committed. The judgment of the Superior Court will be reversed and defendant acquitted.